UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LAMAR WILLIS,

                             Plaintiff,

             -against-

Police Officer ANA BELL; Police Officer MARIA VELIZ, Shield No. 11811; Sergeant DOMINIC GIORDANO, Shield No. 01379; Police Officer GEORGE YIOUPIS, Shield No. 29788; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Lamar Willis ("plaintiff" or "Mr. Willis") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Ana Bell, ("Bell"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bell is sued in her individual and official capacities.

9. Defendant Police Officer Maria Veliz, Shield number 11811 ("Veliz"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Veliz is sued in her individual and official capacities.

10. Defendant Sergeant Dominic Giordano, Shield number 01379 ("Giordano"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Giordano is sued in his individual and official capacities.

11.     Defendant Police Officer George Yioupis, ("Yioupis"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Yioupis is sued in his individual and official capacities.

12.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15.     At approximately 3:45 a.m. on March 27, 2010, plaintiff was lawfully present at a bar called "One and One" located on First Avenue and 1st Street in New York, New York.

16.     A fight broke out among a group of women in front of La Linea, a bar across the street from One and One.

17. The fight spilled over to the side of the street where One and One was located.

18. Mr. Willis worked as a bouncer at One and One but was not working that night.

19. Mr. Willis and the One and One bouncer on duty attempted to break up the fight.

20. Unbeknownst to Mr. Willis, two of the participants in the fight were plainclothes police officers.

21. At no time did Mr. Willis assault or strike the officer or any other person present at the scene.

22. Nevertheless, several uniformed officers arrived, threw Mr. Willis to the ground, hit and kicked him.

23. He was also pepper sprayed.

24. Mr. Willis and the One and One bouncer were arrested.

25. Upon information and belief, none of the participants in the fight were arrested.

26. Mr. Willis was charged with felony assault on a police officer and resisting arrest.

27. At no time did Mr. Willis assault an officer or resist arrest.

28. Plaintiff was eventually taken to a police precinct.

29. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that Mr. Willis assaulted a police officer and resisted arrest and prepared police paperwork to that effect, including an arrest report.

30. Mr. Willis was held for approximately 24 hours in police custody before he saw a judge at criminal court.

31. When the judge set bail, which Mr. Willis could not post, he was held at Rikers Island for approximately seven days.

32. The case against Mr. Willis proceeded for almost two years until he was acquitted of all charges at trial on February 6, 2012.

33. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## **FIRST CLAIM**
**False Arrest**

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

5

## SECOND CLAIM

### Malicious Prosecution

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

39. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

40. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## THIRD CLAIM

### Denial Of Constitutional Right To Fair Trial

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against Plaintiff.

43. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

44. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### Malicious Abuse Of Process

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendants issued legal process to place Plaintiff under arrest.

48. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their failure to properly identify themselves as police officers and to arrest the individuals who were fighting.

49. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Failure To Intervene

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: February 5, 2013
New York, New York

                            HARVIS WRIGHT
                            SALEEM & FETT LLP

                            _____
                            Afsaan Saleem
                            305 Broadway, 14th Floor
                            New York, New York 10007
                            (212) 323-6880
                            asaleem@hwsflegal.com

                            *Attorney for plaintiff*