

| | THE CITY OF NEW YORK | |
|---|---|---|
| JEFFREY D. FRIEDLANDER<br>*Acting Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | BRIAN FRANCOLLA<br>*Senior Counsel*<br>Tel.: (212) 356-3527<br>Fax: (212) 788-9776 |

January 28, 2014

**BY ECF**
Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Lamar Willis v. Police Officer Bell, et al.</u>, 13 CV 674 (FB) (SMG)

Your Honor:

   I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants. In that capacity, I write in response to plaintiff's letter dated January 20, 2014, requesting a pre-motion conference regarding plaintiff's contemplated motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2).

   As an initial matter, defendants dispute plaintiff's characterization of specifically when and the manner in which Police Officers Adaszewki and Delacruz became known to plaintiff. Plaintiff claims that his counsel did not learn of the actual involvement of Police Officers Adaszewki and Delacruz until January 17, 2014. However, Police Officer Adaszewski testified at plaintiff's criminal trial on February 7, 2012, during which he clearly explained the extent to which he and his partner that day, Police Officer Delacruz, used force against plaintiff in connection with the underlying incident. Plaintiff was present for this testimony and thus, to the extent he wanted to include these individuals as defendants in this matter from the outset he clearly had the ability and opportunity to do so. Notwithstanding, plaintiff did not even allege a claim for excessive force in his original complaint. See Docket Entry #1 generally. That claim, along with several others, was only first set forth via plaintiff's amended complaint which was filed with the Court on September 3, 2013, nearly three months after the Rule 4(m) service deadline. Additionally, in response to Defendants' First Set of Interrogatories and Request for Production of Documents, plaintiff produced the <u>Rosario</u> material which was disclosed to him during his criminal prosecution, documents which included Police Officer Adaszewksi's

memobook entries from the date of the incident and documents which plaintiff presumably had in his possession from the outset of this litigation.[1]

A party seeking to add a party after the statute of limitations on its claim has expired must rely on Rule 15(c), the federal rule that provides for relation back of claims. Fed. R. Civ. P. 15(c)(1). The Rule provides: "(1) An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1). The burden is on the plaintiff to show that the requirements of 15(c) are met. See In re Alstom SA Sec. Litig., 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005).

Here, plaintiff argues that the Police Officers Adaszewski and Delacruz were on actual notice of this lawsuit and knew, or should have known, based on their involvement in the underlying incident that they were proper defendants as well. To the contrary, however, the fact that the purported claims against these officers – excessive force and failure to intervene to prevent excessive force – had not even been asserted until after the 4(m) deadline had passed clearly contradicts that assertion. Additionally, to the extent plaintiff wishes to blame defendants for not timely identifying these officers, that desire ignores the obvious fact that plaintiff himself knew the identity of these officers and what their respective roles were in the underlying incident. Furthermore, defense counsel did in fact identify these officers once plaintiff set forth causes of action in his amended complaint which pertained to their respective involvement.

In his January 20, 2014 letter requesting a pre-motion conference, plaintiff relies on the Supreme Court's decision in Krupski v. Costa Crociere S.p.A., 130 S.Ct. 2485, (2010), wherein the Supreme Court explained:

> "A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity."

---

[1] Defense counsel notes that like defendants, plaintiff did not produce this information until nearly four months after defendants served their discovery requests because the parties had agreed to respective extensions in that regard.

Krupski, 130 S.Ct. at 2494. The claims plaintiff now wishes to assert against Police Officers Adaszewksi and Delacruz were not even been pled until six months after the statute of limitations on said claims had expired. As a result, there is absolutely no basis upon which to argue that these officers understood or should have understood that they escaped the limitations period only because the plaintiff misunderstood a crucial fact about their identity. In fact, at the time the complaint was filed the identities of these officers and their respective involvement in the underlying incident could not have been more clear to plaintiff and yet, he declined to add them as parties.

Accordingly, even assuming, *arguendo*, that plaintiff has satisfied the requirements of Rule 15(c)(1)(B), he fails to establish his burden that Police Officers Adaszewski and Delacruz received such notice of the action that they will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against them, but for a mistake concerning their identity.

Thank you for your consideration.

Respectfully submitted,

Brian Francolla
Senior Counsel
Special Federal Litigation Division

cc: Gabriel Harvis, Esq. (By ECF)
Harvis, Wright & Fett, LLP
Attorney for Plaintiff
305 Broadway, 14th Floor
New York, New York 10007