

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

April 4, 2014

**BY *EX PARTE* ECF FILING**
Honorable Steven M. Gold
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Willis v. Bell, et al.*, 13 CV 674 (SMG)

Your Honor:

    I represent plaintiff in the above-referenced civil rights action. I write pursuant to the Court's order dated March 28, 2014, to respectfully provide plaintiff's settlement position.

    By way of brief background, this case concerns Mr. Willis' arrest in March 2010 outside of the nightclub where he was then employed as a bouncer. Mr. Willis contends that he was attempting to break up a fight between female patrons of a bar across the street at the time of his arrest. In the arrest, Mr. Willis was struck with a baton, tackled and, while in handcuffs, maced. At arraignment on the felony charges leveled against him, bail was imposed and Mr. Willis, unable to post it, was sent first to the Tombs in Lower Manhattan and then to Rikers Island over the course of eight days before his release. Plaintiff was then prosecuted on two felony and four misdemeanor charges over the course of approximately two years. During that time, Mr. Willis' New York State Security License was suspended and he was unable to work in his profession. He was also facing the prospect of over fifteen years in prison if convicted. Plaintiff ultimately stood trial before a jury in February 2012 and was acquitted of all charges.

    As defendants appear to concede following his deposition, Mr. Willis will make an excellent and highly sympathetic witness at trial. Critically, he did not testify before the grand jury or at trial, leaving only his deposition testimony as impeachment material on cross-examination. The strength of Mr. Willis' deposition testimony leaves defendants' with a decided disadvantage in this regard. The officers, on the other hand, have testified three times already, twice before the grand jury and at the trial, with their depositions still to come. As explained at the last settlement

conference, the officers' testimony thus far is highly problematic for defendants, casting their credibility into grave question. Conflicts between grand jury and trial testimony aleady exist regarding the level and type of force used, the event's chronology and, critically, the nature and extent of the officers' injuries. Depositions will magnify these problems for defendants. Given the felony assault charges brought against Mr. Willis, the evidence in the record that the officers exagerrated or manufactured their injuries to support such serious charges could lead to a punitive award.

In short, Mr. Willis' damages are substantial and he is a likeable, credible and sympathetic witness. For this reason, defendants moved from a no-pay position prior to his deposition to an offer of $60,000 afterward. Plaintiff's initial demand was $135,000, which he lowered to a firm $100,000 following defendants' $60,000 offer. Plaintiff's position going into the conference is that he will not accept less than $100,000, which counsel believes is reasonable under the circumstances.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis